Coös,        }
Dec., 1899.   }

### EASTMAN *v.* MAINE CENTRAL RAILROAD.

A condition that a mileage ticket shall be forfeited, if presented by any person other than the one in whose name it is issued, is not invalid as contrary to law or public policy.

TROVER, and ASSUMPSIT with common counts, including one for money had and received. Facts agreed. The plaintiff seeks to recover the amount paid by him to the defendants for 987 coupons contained in a mileage book purchased from the defendants on July 17, 1897, and originally containing 1,000 coupons, on the inside of the cover of which was plainly printed the following :

" CONTRACT FOR MILEAGE TICKET.

" The conditions under which this mileage ticket is sold by the Maine Central R. R. Co., and purchased and used by the person named, are as follows :

"1. That it is good only for the person in whose name it is issued ; and if presented by any other person, the right to any remaining rides to which the purchaser might have been entitled shall be forfeited, and the conductor shall be authorized to take up this ticket, and return the same to the general ticket office as forfeited. . . .

" I hereby agree to the above conditions.

                              " ALBERT H. EASTMAN."

The defendants issue two classes of mileage tickets,— one good for the passage of the bearer, which they sell at two and three fourths cents per mile ; and one containing the limiting clause quoted above, which they sell for two cents per mile. The plaintiff knew of both classes, and that his ticket was of the latter class. He understood the limiting condition when he purchased and signed the ticket, and he was the person in whose name it was issued.

The plaintiff was accustomed to rent railroad mileage books at an advance on their purchase-price. On July 17, 1897, one Macy (not named in the ticket), desiring to take passage on the defendants' road, secured from the plaintiff the mileage book in question, containing 987 coupons, with the understanding and agreement between Macy and the plaintiff that Macy should use the same for transportation over the defendants' road, paying the plaintiff one half cent advance on the purchase-price, or two and one half cents for each coupon used. On the same day, Macy presented the

mileage ticket to one of the defendants' conductors for his fare, whereupon the conductor took up the ticket and returned it to the defendants' general ticket office. The defendants have refused, on demand, to return the ticket to the plaintiff, or to refund to him the amount originally paid for the coupons remaining in the book at the time it was taken up.

If upon these facts the plaintiff is entitled to recover, he should have judgment for $19.74 and costs; otherwise the defendants should have judgment for their costs.

*Crawford D. Hening,* for the plaintiff. The question arises: Does the express agreement — " the right to any remaining rides to which the purchaser might have been entitled shall be forfeited" — bar the purchaser's right to an equitable adjustment?

This clause imposing forfeiture should be strictly construed; and as it does not appear clearly that anything more than "the right to any remaining rides to which the purchaser might have been entitled shall be forfeited," there can be no implication that the intention was to forfeit the price paid for the unused coupons, but merely the right of the plaintiff to a completion of the contract. If, however, the court finds that it was the intention of the parties to forfeit the price paid for the unused coupons, then the rule applies that such forfeiture was presumably intended " to cover the disadvantages which the party in whose favor the stipulation is made may have sustained from the breach of contract by the opposite party. It will not, of course, be considered as liquidated damages, and it will be incumbent on the party who claims them as such to show that they were so intended by the contracting parties." *Davis* v. *Gillett,* 52 N. H. 126, 130.

The action on the common counts is an equitable proceeding. *Cousins* v. *Manchester,* 67 N. H. 229; *McDonald* v. *Insurance Co.,* 68 N. H. 4. The further principle applies that " courts of equity relieve against forfeitures where compensation in damages can be made." *Smith* v. *Jewett,* 40 N. H. 530, 534; 2 Sto. Eq. Jur., ss. 1315–1326; P. S., c. 218, s. 5. This case having been submitted on certain agreed facts, and no damages having been claimed by the defendants, there should be judgment for the plaintiff according to the agreed case.

The contract of a carrier in New Hampshire must by statute be " reasonable." The view of this contract taken by the defendants makes the contract unreasonable. The cases cited in the defendants' brief differ from the present case in two material points: (1) They are all actions on the contract itself for expulsion; (2) the excursion rates and terms in those cases seem to be reasonable conditions and essential to protect the carrier from impo-

sition. The difference is apparent between a regulation that will prevent non-excursionists from purchasing the return tickets of excursionists when a railroad has made arrangements for a large excursion between certain points on certain dates, and a regulation which declares a ticket forfeited when the ticket was merely one for ordinary passage, and required nothing but the running of the defendants' regular trains, which would run on the same schedules if every mileage book were destroyed.

*Drew, Jordan & Buckley*, for the defendants.

BLODGETT, C. J. Extended consideration of this case is unnecessary. The contract between the parties was not contrary to law or public policy; the plaintiff made it voluntarily and understandingly; and the responsibility for its termination rests solely with himself. There is no rule better settled or more just in itself than that the parties who voluntarily and understandingly enter into such contracts must be governed by their terms, and are subject to the legal consequences of their violation. Having intentionally violated the express conditions of his contract, the plaintiff's mileage book justly became forfeited in accordance with those conditions, and for the resulting pecuniary loss to him there is nobody to blame but himself. In such a case, the law affords no relief. A party cannot maintain an action founded upon his own dishonesty and fraud.

*Judgment for the defendants.*

All concurred.